IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| DAVID R. HARGETT, | ) | CASE NO. 5:18-CV-01917-WHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER** |

## Introduction

Before me[1] is an action by David R. Hargett under 42 U.S.C. § 405(g) for judicial

review of the final decision of the Commissioner of Social Security denying his application

for disability insurance benefits.[2]  Because substantial evidence supports the ALJ's no

disability finding, the ALJ's decision is affirmed.

## Issues Presented

This case presents two issues for decision:

- The ALJ gave the functional capacity evaluation ("FCE") of John Capple, PT –
  reviewed and weighed by treating source Dr. Nathan Lucardie – partial weight.[3]
  Does substantial evidence support that finding?

- The ALJ found Hargett only partially credible.[4]  Does substantial evidence
  support that finding?

---

[1] ECF No. 19.  The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF No. 12, Transcript ("Tr.") at 22.
[4] *Id.* at 21.

## Analysis

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[5]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[6] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[7]

---

[5] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).

[6] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *1 (S.D. Ohio Feb. 12, 2008).

[7] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## A.    Opinion evidence

Hargett does not challenge the great weight assigned to the FCE by Dr. Sethi, a consulting examiner.  The residual functional capacity ("RFC") adopted by the ALJ is consistent with Dr. Sethi's FCE.  As a result, the argument about whether Capple's FCE should be considered a treating source opinion because Dr. Lucardie, a treating source, signed it seems beside the point.  A reasonable mind could conclude that the RFC falls within the zone of choice, even if Hargett's correct and Capple's opinion could support a contrary conclusion.

The opinion of a treating but "other" source (that is, not an acceptable medical source under the regulations), such as a physical therapist, can be considered a treating source opinion if signed by a treating acceptable medical source – provided that the "other source" is part of a team rendering ongoing treatment.[8]

Hargett relies heavily on *Burlingame v. Commissioner of Social Security*[9] to support his argument.  In *Burlingame*, treating provider Dr. Laikos ordered a functional whole-body assessment, which was completed by "other" sources.[10]  It is unclear from the opinion

---

[8] *See, e.g., Mitchell v. Comm'r of Soc. Sec.*, No. 5:15 CV 974 (N.D. Ohio Aug. 29, 2016); *Pater v. Comm'r of Soc. Sec.*, No. 1:15 CV 1295 (N.D. Ohio June 27, 2016); *Brown v. Comm'r of Soc. Sec.*, No. 5:14 CV 940 (N.D. Ohio July 14. 2015).

[9] No. 5:18 CV 417, 2018 WL 7252942 (N.D. Ohio Dec. 20, 2018), *report and recommendation adopted by* 2019 WL 480706 (N.D. Ohio Feb. 7, 2019).

[10] *Id.* at *7.

whether the "other" sources had a one-time examining relationship with Burlingame,[11] as is the case here. Furthermore, Dr. Laikos did not simply co-sign his name to the functional assessment report – he wrote a letter specifically adopting its findings.[12] The ALJ failed to acknowledge or weigh Dr. Laikos's opinion letter adopting the findings presented in the functional assessment report.[13] The court found, "Through the language within his letter, Dr. Laikos's position could not be clearer – he expressly agreed with, and adopted, the physical therapy assessment. Thus, the ALJ's omission is reversible error."[14] That is not the case here.

Dr. Lucardie simply affixed his signature to the FCE. A one-off evaluation by a physical therapist who administered tests on a one-time basis is not elevated by the mere signature of a treating source on the report.

Even if there was error, it was harmless, as the ALJ discounted the FCE as being inconsistent with and unsupported by the overall medical record – a good reason for lesser weight had it been considered a treating source opinion.[15] Dr. Lucardie's treatment notes, as charted by Hargett himself, do not demonstrate a degree of severity that would support the limitations offered by the FCE. Dr. Sethi's opinion, based on a thorough evaluation with testing, appears to be more consistent with Dr. Lucardie's treatment notes. And even

---

[11] *Id.* at *4, 7-8.
[12] *Id.* at 7.
[13] *Id.*
[14] *Id.* at 8.
[15] Tr. at 22.

if Capple's FCE should have been given more weight, when substantial evidence exists on each side, the ALJ's decision is within the zone of choice and must be affirmed.

## B. Subjective symptom evaluation

As the Social Security Administration recognized in a policy interpretation ruling on evaluating symptoms in disability claims,[16] in the absence of objective medical evidence sufficient to support a finding of disability, the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms will be considered with other relevant evidence in deciding disability:

> If we cannot make a disability determination or decision that is fully favorable based solely on objective medical evidence, then we carefully consider other evidence in the record in reaching a conclusion about the intensity, persistence, and limiting effects of an individual's symptoms. . . . We will consider an individual's statements about the intensity, persistence, and limiting effects of symptoms, and we will evaluate whether the statements are consistent with objective medical evidence and other evidence.[17]

The regulations also make the same point.[18]

Under the analytical scheme created by the Social Security regulations for determining disability, objective medical evidence constitutes the best evidence for gauging a claimant's residual functional capacity and the work-related limitations dictated thereby.[19]

---

[16] Social Security Ruling ("SSR") 16-3p, Evaluation of Symptoms in Disability Claims, 2017 WL 5180304.
[17] *Id.* at *6.
[18] 20 C.F.R. § 416.929(c)(2).
[19] *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 988-89 (N.D. Ohio 2003).

As a practical matter, in the evaluation of subjective symptoms, the weight of the objective medical evidence remains an important consideration. The regulation expressly provides that "other evidence" of symptoms causing work-related limitations can be considered if "consistent with the objective medical evidence."[20] Where the objective medical evidence does not support a finding of disability, at least an informal presumption of "no disability" arises that must be overcome by such other evidence as the claimant might offer to support his or her claim.

The discretion afforded by the courts to the ALJ's evaluation of such evidence is extremely broad. A court may not disturb the ALJ's "analysis and the conclusions drawn from it – formerly termed a credibility determination –" absent compelling reason.[21]

Under *Cross v. Commissioner of Social Security*,[22] where, as here, the credibility finding is consistent with the RFC, it is extremely difficult to reverse on credibility alone. The Court cannot say a compelling reason exists to disturb the ALJ's evaluation of Hargett's subjective symptoms. The ALJ's findings regarding Hargett's subjective symptoms stand.

---

[20] 20 C.F.R. § 416.929(c)(3).

[21] *Robinson v. Comm'r of Soc. Sec.*, No. 17-cv-12202, 2018 WL 2437560 (E.D. Mich. May 8, 2018) (citing *Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 981 (6th Cir. 2011); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)), *report and recommendation adopted by Robinson v Comm'r of Soc. Sec.*, No. 17-cv-12202, 2018 WL 2431689 (E.D. Mich. May 30, 2018).

[22] 373 F. Supp. 2d 724, 733 (N.D. Ohio 2005).

## Conclusion

Substantial evidence supports the ALJ's no disability finding.  The ALJ's decision is, therefore, affirmed.

IT IS SO ORDERED.

Dated: June 7, 2019                          s/ William H. Baughman, Jr.
                                                    United States Magistrate Judge